UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| AUDRAIN JONES, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:21-CV-706-DRL-MGG |
| ROBERT E. CARTER, | |
| Defendant. | |

OPINION AND ORDER

Audrain Jones, a prisoner without a lawyer, filed a complaint against Commissioner Robert Carter seeking one billion dollars in damages, an injunction against slavery, and a restraining order against the Indiana Department of Correction. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Jones alleges that he has not been duly convicted of any crime and that he has been unlawfully held as a slave by the Indiana Department of Correction for fourteen years. He further states that he was not duly convicted in either Cause No. 49G01-0703-FA-036329 or 49G01-0703-FA-037483. Rather, he contends, he is being held without probable cause or due process.

The state court docket in Cause No. 49G01-0703-FA-037483 shows that Mr. Jones pleaded guilty to kidnapping, rape, four counts of criminal deviate conduct, two counts of criminal confinement, robbery, and intimidation. In Cause No. 49G01-0703-FA-036329, Mr. Jones pled guilty to rape, kidnapping, robbery, criminal deviate conduct, and battery. He was sentenced on October 26, 2007, to an aggregate sentence of one-hundred thirty-one-years. *See Jones v. State*, 886 N.E.2d 654 (Ind. Ct. App. 2008).

To the extent Mr. Jones is seeking release from prison, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement[.]" *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). While this court expresses no opinion on whether Mr. Jones should file a habeas petition, to the extent he is seeking relief only available through a habeas petition, he needs to file a habeas petition in a separate case.

To the extent that Mr. Jones is seeking monetary damages, his allegations are frivolous. He asserts that he has not been duly convicted. However, in light of the publicly available state court docket, Mr. Jones's assertion that he is being unlawfully detained in the absence of probable cause or due process is not plausible.[1]

---

[1] Mr. Jones has not alleged wrongful conviction. Rather, he has alleged that he has not been convicted, despite the public record to the contrary. To the extent Mr. Jones wishes to allege a wrongful conviction claim, pursuant to *Heck v. Humphrey*, 512 U.S. 477, 481 (1994), such a claim would not be ripe until such time as his conviction has been overturned. "[A] state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." *Edwards v. Balisok*, 520 U.S. 641, 643 (1997).

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED as frivolous pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

September 28, 2021                             *s/ Damon R. Leichty*
                                                                Judge, United States District Court